IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

AARON JEROME HEIDELBERG, 140165,  :

    Plaintiff,  :

vs.  :    CIVIL ACTION 11-0256-CG-N

CITY OF MOBILE POLICE DEPT., et al.  :

    Defendants.  :

## REPORT AND RECOMMENDATION

This § 1983 action, filed by an Alabama prison inmate proceeding pro se and seeking leave to proceed in forma pauperis,[1] was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action. For reasons set forth below, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless

---

[1] By separate order the Court is rescinding its prior order granting plaintiff's motion to proceed without prepayment of fees (Doc. 3) because 28 U.S.C. § 1915(g) is applicable to this action.

> the prisoner is under imminent danger of serious physical injury.

During the screening of this action under 28 U.S.C. § 1915(e)(2)(B), the Court discovered that, after reviewing the records of the United States District Courts for the Southern, Middle, and Northern Districts of Alabama, plaintiff has three actions that were previously dismissed as frivolous or malicious, or for failure to state a claim upon which relief can be granted.  *See* Heidelberg v. Parker, et al., CA 99-0605-MHT-CSC (M.D. Ala. Sept. 3, 1999); Heidelberg v. Haley, et al., CA 99-1574-NE (N.D. Ala. July 20, 2001); and Heidelberg v. City of Mobile Police Dept., et al., CA 00-0077-BH-D (S.D. Ala. Oct. 11, 2001).  Thus, plaintiff has three or more dismissals that qualify the present complaint for treatment under §1915(g).

 In order to avoid the dismissal of the present complaint pursuant to § 1915(g), plaintiff must satisfy the exception to § 1915(g), which requires that he show at the time of the complaint's filing that he was "under imminent danger of serious physical injury." Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that the plaintiff must face imminent danger of serious physical injury at the time the complaint is filed, not at a prior time).

In the complaint (doc. 1) plaintiff names as defendants officers with the City of Mobile Police Department and the department itself.  (Id. at 9-10). The incident giving rise to this action occurred on January 29, 1989 when plaintiff was stopped, searched, and arrested.  (Id. at10-12).  Plaintiff avers that he was indicted on the charge of burglary, third degree, and was subsequently convicted, sentenced, and imprisoned as a result of

this charge. (Id. at 6, 13). Other claims connected with this incident are the searching of plaintiff's plastic bag without his permission, the pulling of plaintiff's ears while he was lying on the cold concrete, the placing of the barrel of a pistol in plaintiff's mouth, and the failing to adequately train and supervise defendant police officers. (Id. at 12, 16-18).

Plaintiff contends that as a result of these actions, he is in the custody of the Alabama Department of Corrections and faces "imminent danger because of critical impairments." (Id. at 13). Plaintiff complains that "he is housed with inmates who had tuberculosis (TB), and from whom he came in contact with the disease." (Id.). He also has been in contact with hepatitis B and hepatitis C. (Id.). Plaintiff maintains that he "suffers serious physical injury, which is incurable." (Id.). Plaintiff seeks damages on account of a "serious physical injury." (Id. at 7).

The exception to § 1915(g) requires that plaintiff establish an "imminent danger of serious physical injury." It is plaintiff's burden to make this showing. The entirety of plaintiff's allegations concerning his injury is set out above.

After reviewing these allegations, the Court finds that the allegations of an injury are vague and conclusory. *See* Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984) (finding that vague and conclusory allegations are subject to dismissal). Plaintiff states that he "suffers serious physical injury which is incurable." He does not identify his injury, nor does he provide details of this injury. The Court is left to speculate that the injury is the result of his unidentified "contact" with inmates who have tuberculosis, hepatitis B, and hepatitis C. Furthermore, no indication of the time of exposure and of diagnosis is provided. Considering these shortcomings, the Court concludes that plaintiff

has failed to demonstrate the required "imminent danger of serious physical injury" in order to avail himself of the exception to § 1915(g).  *Cf.* Ashcroft v. Iqbal, 566 U.S. ___, ___, 129 S.Ct. 1937, 1948-49, 173 L.Ed.2d 868 (2009) (a claim must have facial plausibility in order to state a claim as "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

An alternate reason that plaintiff does not satisfy § 1915(g)'s exception is the lack of an adequate nexus.  An adequate "nexus exists when the three-strikes litigant seeks to redress an imminent danger of serious physical injury that is fairly traceable to a violation of law that the complaint asserts." Pettus v. Morgenthau, 554 F.3d 293, 296 (2d Cir. 2009).  Here, plaintiff alleges that defendants violated his rights during the early stages of the criminal proceedings in 1989 which resulted in his conviction and sentence.  However, his brief allegations of an "imminent danger of serious physical injury" arise from the conditions of confinement over which defendants have no control and there is no indication that the occurrence of his "imminent" injury was close to the date of filing of his complaint on May 17, 2011.  Considering that defendants' actions occurred in 1989, the nexus between the claims against defendants and the unidentified injury is too attenuated to satisfy the "imminent danger of serious physical injury" exception.  *See* Pettus, 554 F.3d at 298 (finding that the exception to § 1915(g) was not satisfied because the nexus was too attenuated between the defendants who were associated with plaintiff's conviction and the alleged imminent danger of serious physical injury arising from his incarceration which was based on the denial of medication and being "surrounded by

4

hostile, aggressive, violent inmates who beat, rob, assault, extort, and sexually abuse him," from which he sought no relief).

Because plaintiff cannot avail himself of § 1915(g)'s exception, and on account of his failure to pay the $350.00 filing fee at the time he filed this action, plaintiff's action is due to be dismissed without prejudice. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to 28 U.S.C. § 1915(g) does not pay the full filing fee at the time he initiates the action); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir.) (holding that the filing fee paid must be paid by an inmate subject to § 1915(g) at the time an action is commenced), cert. denied, 535 U.S. 976 (2002). Therefore, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this 27th day of July, 2011.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

l. **Objection**. Any party who objects to this recommendation, or anything in it, must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[2] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable Where Proceedings Tape Recorded)**. Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE

---

[2] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).